# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

PARNELL R. MAY                                                                                    PLAINTIFF

V.                                        4:17CV00489 SWW/JTR

JEFF ALLISON,
Detective, Pulaski County,
Sheriff's Office, *et al*.                                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

Plaintiff Parnell R. May ("May") is a prisoner in the Pulaski County Detention Facility ("PCDF"). He has filed this *pro se* § 1983 action alleging that Defendants Pulaski County Sheriff Doc Holladay ("Holladay") and Detective Jeff Allison ("Allison") violated his constitutional rights.

Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that: (1) all claims against Holladay, in his official and individual capacities, be dismissed, without prejudice; (2) all claims against Allison, in his official capacity, be dismissed, without prejudice; (3) May's interference with legal mail claim against Allison, in his individual capacity, be dismissed, without prejudice; and (4) May's false arrest, defamation, and slander claims against Allison, in his individual capacity, be stayed pending the outcome of May's state court proceedings.[1]

## II. Discussion

May sued Sheriff Doc Holladay and Detective Jeff Allison in their official and personal capacities in connection with his December 4, 2016, arrest and charge of first degree murder. *Doc. 2*. May does not make specific allegations against Defendant Holladay, but seeks to hold him liable for alleged violations of May's constitutional rights caused by employees of the Pulaski County Sheriff's Department. *Id. at 4-6.* May asserts that Defendant Allison arrested him without

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

probable cause and placed false reports and false evidence in May's file. May's state-court criminal case is apparently ongoing. *Id*. at 3-6. May also complains that his outgoing mail to the American Civil Liberties Union ("ACLU") has been opened out of his presence. May seeks damages in the amount of $5 million. *Id*. at 6.

May's official capacity claims against Holladay and Allison should be dismissed, without prejudice. An official capacity claim against county employees is treated as a suit against the county. *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998). A claim against a county must allege a violation resulting from an official custom, policy, or practice. *See Johnson v. Blaukat*, 453 F.3d 1108, 1114 (8th Cir. 2006). May has not alleged that his constitutional rights were violated as a result of a custom, policy, or practice, and has, accordingly, failed to state a claim against Pulaski County.

To the extent May attempts to hold Defendant Holladay liable in his personal capacity for any alleged deprivation of rights caused by others, those claims should be dismissed. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (*citing Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). Respondeat superior is inapplicable to claims under § 1983. *Royster v. Nichols*, 698 F.3d 681, 692 (8th Cir. 2012*); Briscoe v. Cnty. of St. Louis, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012). Because May alleged no unlawful action by Holladay, May

3

failed to state a claim against him on which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a claim for relief.)

May's interference with legal mail claim against Allison, in his personal capacity, should also be dismissed, without prejudice. May wrote "certain legal organization[s] for help" and complains that legal mail was opened out of his presence in violation of PCDF Policy. *Doc. 2*, at 4-5. Specifically, May alleges that he wrote a letter to the ACLU "about [his] situation" and the PCDF opened that mail. Prison officials may open legal mail only in an inmate's presence, but all other mail may be opened and inspected outside of an inmate's presence. *See Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). Privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). One instance of confidential mail being opened, without evidence of an improper motive or interference with the inmate's right to counsel or access to the courts, does not rise to the level of a constitutional violation. *See Norman v. McConnich,* 2010 WL 545936 (E.D. Ark. Feb. 10, 2010) (citing *Gardner v. Howard,* 109 F.3d 427, 430-31 (8th Cir. 1997)). May does not allege that his letter to the ACLU was not sent, or that any other letter was read in his absence. May's allegation that his letter to the ACLU was read outside of his presence fails to state a claim for interference with legal mail.

May's false arrest claim against Allison, in his personal capacity, should be stayed. The *Younger* abstention doctrine is appropriate where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the May has an avenue for reviewing his constitutional claims in state court. *See Younger v. Harris*, 401 U.S. 37 (1971). Here, the state has an important interest in adjudicating the charges against May, and he may raise the issue of his alleged wrongful arrest and detention before the state court. May has not pled any extraordinary circumstances that would warrant intervention in the state proceedings. *See Night Clubs, Inc. v. City of Fort Smith, Ark.,* 163 F.3d 475, 479 (8th Cir. 1998). When, as here, a May seeks damages, his case should be stayed under *Younger*, rather than dismissed. *See Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 604 (8th Cir. 1999). A *Younger* stay of May's claims against Defendant Allison is appropriate here. May can proceed by filing a Motion to Reopen this case after the state proceedings have concluded.

May also alleged state-law claims of slander and defamation of character. *Doc. 2 at 4*. Because May's remaining constitutional claims should be stayed under *Younger*, it is within the Court's discretion not to exercise jurisdiction over his state-law claims, s*ee Rossi v. Gemma*, 489 F.3d 26, 39-40 (1st Cir. 2007) (*citing United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)), and the Court should decline to do so, at this time.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. All claims against Holladay, in his official and individual capacities, be DISMISSED, WITHOUT PREJUDICE.

2. All claims against Allison, in his official capacity, be DISMISSED, WITHOUT PREJUDICE.

3. May's interference with legal mail claim against Defendant Allison, in his individual capacity, be DISMISSED, WITHOUT PREJUDICE.

4. May's false arrest, slander, and defamation claims against Defendant Allison, in his individual capacity, be STAYED, and this action ADMINISTRATIVELY TERMINATED until the conclusion of May's criminal proceedings in state court.

5. May be given thirty days from the conclusion of his state court proceedings to file a Motion to Reopen this case.

6. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 12th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE